IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ROBERT HORTON, individually and on behalf of all other similarly-situated current citizens of Missouri, ) ) ) ) ) Plaintiff, ) ) v. ) ) MONDELĒZ INTERNATIONAL, INC., ) ) Defendant. ) | Case No. _____ |

## NOTICE OF REMOVAL

Defendant Mondelēz International, Inc. hereby effects the removal of this action from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri. Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is a class action in which the putative class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million. This Court also has subject-matter jurisdiction under the diversity statute, 28 U.S.C. § 1332(a), because Plaintiff and Mondelēz International are completely diverse and there is over $75,000 in controversy exclusive of interest and costs. Venue is proper under 28 U.S.C. § 1391 because a substantial number of the allegedly mislabeled products were sold in Independence, Missouri, which is part of the District to which this case has been removed.

### FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS

1. Plaintiff filed this lawsuit in the Circuit Court of the City of Independence, Missouri's Sixteenth Judicial Circuit. Defendant Mondelēz International received service on February 8, 2017.

2. Pursuant to 28 U.S.C § 1446(a), a true and correct copy of the state court case file is attached hereto as Exhibit A and incorporated herein by reference. Exhibit A includes all process, pleadings, motions, and orders filed in this case.

3. Plaintiff's Petition alleges that the packaging of Toblerone chocolate bars is deceptive because the packages have "extra space in the gaps between the distinctive triangular prism shapes [of the chocolate bar]." *See* Ex. A, Petition, ¶ 28.

4. Based on those allegations, the Petition alleges claims for violation of the Missouri Merchandising Practices Act, § 407.020 RSMo., and unjust enrichment. Ex. A, ¶¶ 39-57.

5. The Petition seeks compensatory damages, disgorgement, restitution, rescission injunctive relief, and attorneys' fees on behalf of a putative class consisting of all Missouri citizens who purchased Toblerone chocolate bars since November 11, 2011. Ex. A, ¶¶ 31, 51, 57, Prayer for Relief.

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)

6. CAFA provides that federal courts have original jurisdiction over class actions in which (i) any plaintiff is diverse from any defendant, (ii) there are at least 100 members in the putative class, and (iii) the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). Under 28 U.S.C. § 1441(a), any such action may be removed to the district court for the district and division embracing the place where the action is pending.

### The Parties Are Sufficiently Numerous To Satisfy CAFA

7. Plaintiff and all members of the putative class are citizens of Missouri. Ex. A, ¶ 31. Plaintiff alleges that "hundreds or thousands of purchasers" in Missouri purchased Toblerone chocolate bars since November 11, 2011 and qualify as members of the putative class. Ex. A, ¶ 33. This satisfies CAFA's numerosity requirement.

### The Parties Are Minimally Diverse

8. Mondelēz International is incorporated in Virginia and maintains its corporate headquarters in Deerfield, Illinois. *See* Ex. __ [Mondelez International 10-K SEC Filing]. Accordingly, Mondelēz International is a citizen of Virginia and Illinois. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (proving that a corporation's principal place of business is the place where

"a corporation's officers direct, control, and coordinate the corporation's activities," which is typically "the place where the corporation maintains its headquarters").

9. Accordingly, the minimal diversity requirement is satisfied because Plaintiff and all "numerous" class members are citizens of Missouri and no Defendant is a citizen of Missouri. *See* Ex. A, ¶¶ 11, 12, 31. Additionally, because no Defendant is a citizen of Missouri, neither the "local controversy" nor the "home state" exception to CAFA apply. *See* 28 U.S.C. § 1332(d)(3)-(4).

## There Is at Least $5,000,000 in Controversy

10. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). It must then "add[] up the value of the claim of each person who falls within the definition of the proposed class." *Std. Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013). In other words, "[t]he ultimate inquiry is what is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn*, 536 F. Supp. 2d at 1205. The amount-in-controversy standard is satisfied if the removing party can make a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

11. From November 2011 through November 2016, sales of Toblerone chocolate bars to retailers and distributors totaled approximately $7 million nationwide. Ex. B, Decl. of J. Oxley, at ¶ 3. That amount is less than the dollar value of the retail purchase price in sales by retailers because of the mark-up by retailers. Plaintiff's Petition is directed to the retail purchase price. *See* Ex. A, ¶ 11. Mondelēz International is not able to track sales of Toblerone chocolate bars by state because, among other things, it sells to distributors and retailers, who may sell the product in various states. According to the 2015 U.S. Census, available online at www.census.gov, on July 1, 2015, the population of Missouri was 6,083,672, and the population of the United States was 321,418,820. *See Missouri QuickFacts*, http://www.census.gov/quickfacts/table/PST045215/29;

3

*United States QuickFacts*, https://www.census.gov/quickfacts/table/PST045215/00. Based on population data from the 2015 U.S. Census, Mondelēz International estimates that approximately $126,000 (or approximately 1.89%) of its national sales were sold in Missouri. *See* Ex. B, Decl. of J. Oxley, at ¶ 3.

12. Plaintiff seeks compensatory damages, or in the alternative, restitution on behalf of the putative class. Although Plaintiff is vague about the precise "restitution" she seeks, her demand for restitution places in controversy at least the value of retail sales that would have been generated by the estimated sales of the Toblerone chocolate bars at issue to retailers and distributors in Missouri during the class period, which totals approximately $132,300...[1]

---

[1] Plaintiff appears to seek "restitution" of the entire purchase price of Toblerone chocolate bars. *See* Ex. A, ¶ 15 (seeking "at most equal to the refund of the purchase price he paid for the Product"). Mondelēz International believes that Plaintiff is legally precluded from recovering the full purchase price of these products because class members derived significant value from the products, and full restitution would therefore amount to an unjustified windfall. *See Samet v. Procter & Gamble Co.*, No. 12-1891, 2015 WL 5012828, at *2 (N.D. Cal. Aug. 24, 2015) ("The proper measure of restitution in a mislabeling case is the amount necessary to compensate the purchaser for the difference between the product as labeled and the product as received, not the full purchase price or all profits. There is no reason to go beyond the price premium, and doing so would result in a windfall to plaintiff.")

For purposes of removal, however, the relevant inquiry is what amount is put in controversy by the plaintiff's complaint, not what a defendant will actually owe. *See Villas v. Peak Interests*, No. 06-282, 2006 WL 3253472, at *3 (D. Neb. Nov. 8, 2006) ("[F]or purposes of determining diversity jurisdiction, the face of the plaintiff's complaint sets the jurisdictional amount."); *Zunamon v. Brown*, 418 F.2d 883, 885-86 (8th Cir. 1969) (holding that "the sum claimed by the plaintiff controls" unless it "appear[s] to a legal certainty" that this amount cannot be recovered). Accordingly, the full amount of approximately $14.4 million Missouri sales figure is properly included in the amount-in-controversy calculation. *See Waller v. Hewlett-Packard Co.*, No. 11-454, 2011 WL 8601207, at *2 n.3 (S.D. Cal. May 10, 2011) (calculating amount in controversy based on the full purchase price, even though the plaintiff argued it would be "unrealistic" to expect the putative class members to receive a "100% reimbursement," as the relevant inquiry is based on the "relief a plaintiff seeks, not what the plaintiff may reasonably or ultimately obtain"); *Jarrett v. Panasonic Corp. of N. Am.*, 934 F. Supp. 2d 1020, 1023 (E.D. Ark. 2013) ("[T]he jurisdictional fact 'is not whether the damages are greater than the requisite amount, but whether a fact finder *might* legally conclude' that they are.") (*quoting Hartis v. Chicago Title*

13. Plaintiff also seeks an injunction restraining Mondelēz International from engaging in "false, deceptive, and misleading conduct" in the future. Ex. A., ¶¶ 10, 34. Moreover, if a court were to rule that the packaging for Toblerone chocolate bars was deceptive, Mondelēz International would have no choice but to change its packaging. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (quoting *Hunt v. Wash. State Apple Adver, Comm'n*, 432 U.S. 333, 347 (1977)); *see also Sutter v. Aventis CropScience USA Holding, Inc.*, 145 F. Supp. 2d 1050, 1053-54 (S.D. Iowa 2001) (denying motion to remand where value of injunctive relief sough exceeded $75,000). The amount in controversy likewise includes "the cost of complying with [Plaintiff's] requested injunctive relief." *Gen. Dentistry for Kids, LLC v. Kool Smiles, P.C.*, 379 Fed. Appx. 634, 635 (9th Cir. 2010); *Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924, 930–31 (E.D. Ark. 2008) (holding that the amount in controversy exceeds $5,000,000 when "measure by the value of the object of the litigation from the vantage point of the defendant," as expressly contemplated by CAFA); *see also Adams v. Am. Family Mut. Ins. Co.*, 981 F. Supp. 2d 837, 848 (S.D. Iowa 2013) (explaining that "In determining the amount in controversy under [CAFA], the value of injunctive relief should probably be considered from either the plaintiffs' or the defendant's point of view.").

14. The injunctive relief Plaintiff seeks would likely require all sales of Toblerone chocolate bars in their current packaging to cease immediately. In order to comply with such an injunction, Mondelēz International would need to hire an outside vendor to visit thousands of stores nationwide, remove all Toblerone chocolate bars from shelves, and destroy those products. Furthermore, Mondelēz International would have to replace its current machinery that packages the Toblerone chocolate, and obtain new machinery. The cost of complying with Plaintiff's requested injunctive relief is estimated to be approximately $6.5 million to $8.5 million. Ex. B, Decl. of J. Oxley, at ¶ 5.

---

*Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012)) (emphasis in original).

15. Plaintiff also seeks attorneys' fees. Ex., A, at 14 (Prayer for Relief). Those fees are properly considered as part of the amount in controversy for the purposes of determining federal jurisdiction. *See Raskas v. Johnson & Johnson*, 719 F.3d 884, 887-88 (8th Cir. 2013); *Slocum v. Gerber Prod. Co.*, No 16-04120, 2016 WL 3983873, at *4 (W.D. Mo. July 25, 2016) (considering amount of attorney's fees in determining the amount in controversy where the plaintiff alleged a cause of action under the Missouri Merchandising Practices Act); *Harrington Enter., Inc. v. Safety-Kleen Sys., Inc.,* 42 F.Supp.3d 1197, 11999 (W.D. Mo. 2013) ("statutory attorney fees . . . count toward the amount in controversy" for CAFA purposes). Fee requests in consumer class actions, such as this lawsuit, are typically significant. *See, e.g.*, *Wilson v. Airborne, Inc.*, No. 07-770, 2008 WL 3854963, at *12 (C.D. Cal. Aug. 13, 2008) (awarding $3,459,946 in attorneys' fees in false advertising class action); *see also Kerr v. Ace Cash Experts, Inc.*, No. 10-1645, 2010 WL 5177977, *2 (E.D. Mo. Dec. 14, 2010) ("Even if plaintiffs are correct that their damages total $1,800,000, or even only $594,000, similar amounts have been held to satisfy the amount in controversy requirement in similar cases because of the potential for punitive damages and attorneys' fees"); *Thornton v. DFS Services LLC*, No. 09-1040, 2009 WL 3253836, *1-2 (E.D. Mo. Oct. 9, 2009) (noting that "[e]ven if only a fraction of the Missouri customers suffered actual damages, plaintiff is bringing additional claims for punitive damages and attorneys' fees, which could easily exceed the $5,000,000 threshold" of CAFA");

16. When aggregated, the potential damages and/or restitution, the cost of complying with Plaintiff's requested injunctive relief, and the amount of attorneys' fees that class counsel may recover exceed $5 million.

17. Plaintiff attempts to evade removal by alleging that damages will be less than $5 million. *See* Ex. A, at ¶ 15. The U.S. Supreme Court, however, held that a party cannot avoid removal by pleading damages less than $5 million. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013) (stipulation to damages less than $5 million does not bar CAFA removal). Further, the Petition purports to limit "damages" only; it does not limit the costs of complying with injunctive relief.

Case 4:17-cv-00174-JTM    Document 1    Filed 03/10/17    Page 6 of 10
6

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(a)

18. District courts also have original jurisdiction over civil actions in which (1) there is complete diversity of citizenship, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The complete diversity requirement in class actions is based on the citizenship of the named plaintiffs at the time that the action was filed. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992) ("Courts look to the facts as of the date an action is filed to determine whether or not diversity of citizenship exists between the parties."). Moreover, if there is original jurisdiction over the named plaintiff based on diversity, then supplemental jurisdiction will attach to the claims of all other plaintiffs. *Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001, 1010 (W.D. Ark. 1996) (holding that once the named plaintiff meets the amount in controversy requirement, 28 U.S.C. § 1367 grants "supplemental jurisdiction over the claims of the unnamed class members, regardless of their ability to independently meet the amount in controversy requirement.").

19. As set forth above, the parties are completely diverse because Plaintiff is a citizen of Missouri and Mondelēz International is a citizen of Virginia and Illinois. *See supra* ¶¶ 7-8.

20. Even ignoring Plaintiff's request for damages or restitution, the amount in controversy is satisfied because it would cost at least $75,000 to comply with Plaintiff's request for injunctive relief. *See supra* ¶¶ 11-12; *see also Sutter*, 145 F. Supp. 2d at 1053-54 (holding that plaintiff had satisfied the amount in controversy requirement "when either punitive damages or the value of injunctive relief is included, as they must be."); *Luna v. Kemira Specialty, Inc.*, 575 F. Supp. 2d 1166, 1172-73 (C.D. Cal. 2008) (determining that amount in controversy exceeded $75,000 based on value of requested injunctive relief in case where plaintiff declined to seek damages).

21. Furthermore, the amount in controversy includes all attorneys' fees reasonably anticipated to accrue until the action is resolved. *See Dowell v. Debt Relief Am., L.P.*, No. 07-27, 2007 WL 1876478, at *2 (E.D. Mo. June 27, 2007) (holding that attorneys' fees authorized under the MMPA count towards the amount in controversy) (citing *Rasmussen v. State Farm Mut. Auto*

*Ins. Co.*, 410 F.3d 1029, 1030 (8th Cir. 2005)); *Chambers v. Penske Truck Leasing Corp.*, No. 11-381, 2011 WL 1459155, at *4 (E.D. Cal. Apr. 15, 2011) (noting that the court could "reasonably anticipate thousands of dollars in attorneys' fees," recognizing that fees "often exceed the damages," and concluding that jurisdictional threshold was satisfied). If the case were resolved in Plaintiff's favor, it is reasonable to anticipate that Plaintiff would request fees in excess of $75,000. *See id.; see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002) (concluding that amount in controversy exceeded $75,000 based on court's recognition that the lawsuit would "require substantial effort from counsel" and its experience that fee awards are often significant).

22. Thus, regardless of the amount of individual damages Plaintiff may recover, the cost of Plaintiff's requested injunctive relief and the value of the attorneys' fees she seeks exceeds $75,000, and removal is accordingly proper.

## VENUE IS PROPER

23. A substantial part of the acts or omissions alleged in the Petition occurred in the Western District of Missouri because Plaintiff purchased the Mondelēz International product at issue in Independence, Missouri. Ex. A, ¶ 11. Accordingly, venue is proper under 28 U.S.C. § 1391.

## REMOVAL IS TIMELY

24. Under 28 U.S.C. § 1446(b), notice of removal of a civil action must be filed within thirty (30) days of the defendant's receipt of service of the summons and the Petition. Mondelēz International was served on February 8, 2017. *See* Ex. A. This Notice of Removal is accordingly timely.

## OTHER REQUIREMENTS FOR REMOVAL ARE MET

25. Defendant Mondelēz International, the only Defendant, has not filed any responsive pleadings or filed any papers responding to the Petition in the state court.

26.     Defendant will promptly give written notice of the filing of this Notice of Removal to all parties, and a copy of this Notice will be filed with the Clerk of the Circuit Court as required by 28 U.S.C. § 1446(d).

## CONCLUSION

WHEREFORE, Notice is given that this action is removed from the Circuit Court of the City of Independence, Missouri, to the United States District Court for the Western of Missouri, Western Division.

Respectfully submitted,

/s/ James D. Griffin
James D. Griffin          MO #33370
Michele F. Sutton         MO #57942
SCHARNHORST AST KENNARD GRIFFIN, PC.
1100 Walnut, Suite 1950
Kansas City, MO 64106
Telephone:    (816) 268-9402
Facsimile:    (816) 268-9409
Email:        jgriffin@sakg.com
              msutton@sakg.com

*Attorneys for Defendant Mondelēz International, Inc.*

9

## CERTIFICATE OF SERVICE

I certify that on the 10th day of March, 2017, a true and accurate copy of the foregoing was filed via the court's electronic filing system, which sent notification of such filing upon all parties of record in this case.

><ins>*/s/ James D. Griffin*</ins>
> Attorney for Defendant